**John H. GREEN, State Banking Commissioner, successor to the late Randolph Hughes, State Banking Commissioner, Defendant Below, Appellant,**

**v.**

**MID–PENN NATIONAL MORTGAGE COMPANY, a Delaware corporation, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 30, 1970.

Gerald C. Foulk, Deputy Atty. Gen., for appellant.

Howard M. Berg, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM.

This appeal arises from a mandamus action in the Superior Court to require issuance by the State Banking Commissioner to the plaintiff, a Delaware corporation, of a license for entrance into the secondary mortgage loan business. The Superior Court ruled in favor of the plaintiff and the Commissioner appeals.

The plaintiff corporation was denied the license by the Commissioner on the ground that it did not comply with 5 Del.C., § 3103. This statute requires in part that "* * * in the case of a corporate applicant, the holder or holders of at least 50% of the stock of such corporation shall have resided in this State for a period of at least 2 years prior to the date of filing the application. * * * ".[1] The Superior Court held § 3103 unconstitutional. We agree.

We find § 3103 to be unconstitutional in its application to appellee because it is violative of the equal protection clause of the Delaware and Federal Constitutions. It is not a valid exercise of police power since its residence requirements bear no reasonable relation to the prevention of fraud or other protection of the public. Thus, it is discriminatory as applied to the appellee and its non-resident stockholders.

§ 3103 was taken from a New Jersey Act which was declared unconstitutional in Oxford Consumer Discount Company of North Philadelphia v. Stefanelli, 102 N.J. Super. 549, 246 A.2d 460 (1968). Since § 3103 was enacted in 1966 and Oxford was decided in 1968 and is still on appeal, it may not be assumed that the Delaware General Assembly knew of the constitutional status of the New Jersey statute when the Delaware statute was enacted.

We distinguish Delaware's residence requirement for lawyers and doctors, as to whom the police power is applicable, in that § 3103 applies to stockholders and not managing officers or agents of the corporation.

Affirmed.

1. Section 3103 is part of 5 Del.C., Chapter 31, enacted in 1966, entitled the "Secondary Mortgage Loan Act".